IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVIN CARTER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-14-2635 |
| THERESA DURHAM, et al. | * | |
| Defendants | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending in the above-captioned civil rights action is a Motion to Dismiss filed on behalf of Defendants Durham, Gelb, Carter, Grims, Helton and the Montgomery County Police Department (hereinafter "Montgomery County Defendants"). ECF 9. Plaintiff opposes the motion. ECF 13. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendants' motion shall be granted and the Complaint shall be dismissed without requiring further response from the remaining Defendants.[1]

## Background

In his verified[2] Complaint, Plaintiff Marvin Carter ("Carter"), an inmate confined to the Maryland Division of Correction's Western Correctional Institution in Cumberland, Maryland, alleges his constitutional rights were violated by officers of the Montgomery and Prince George's County Police Departments. Carter claims a case was developed against him and led to his arrest through use of Global Location Information generated by his cell phone and GPS tracking devices placed on his car. ECF 1 at pp. 6 – 8. The investigation led to Carter's arrest on

---

[1] Patrick Devaney, J. Greever, G. Murphy, M. Roller, and Prince George's County Police Department.

[2] *See* ECF 1 at pp. 12 – 13.

April 26, 2012. He was charged with second degree burglary in Prince George's County "based on the judicially unauthorized use of Montgomery County Police GLI warrant tracking data supplied to P[rince] G[eorge's] District V to aid in a search for the whereabouts" of Carter. *Id*. at p. 8. Carter claims "he was not convicted of any such crimes where any Montgomery County Police GLI cellular phone tracking data was used." *Id*. at p. 9. He further asserts that sharing of this information with Prince George's County Police violated his Fourth and Fourteenth[3] Amendment Rights. *Id*.

Montgomery County Defendants provide the following background information regarding Carter's arrest and subsequent convictions.

> On May 8, 2013, in the Circuit Court for Prince George's County, based on criminal charges with an incident date of April 26, 2012, Plaintiff pled guilty to one count of second degree burglary and received a sentence of 15 years, all but ten suspended, to run concurrent with any sentence he was already serving. (Circuit Court for Prince George's County, Maryland, Case No. CT121307X, May 8, 2013.) Plaintiff also pled guilty to yet another second degree burglary charge (with an incident date of December 1, 2011) in Prince George's County on January 11, 2013, in Case No. CT120873X, receiving another 12 year sentence to run concurrently with his sentence in the Montgomery County case. (Circuit Court for Prince George's County, Maryland, Case No. CT120873X, January 11, 2013 (plea) and May 3, 2013 (sentencing). On December 7, 2012, a jury in Montgomery County, Maryland found Plaintiff guilty of several counts (including three second degree burglary charges) in Case No. 120848C, where he was sentenced to three 12 year consecutive sentences on the three second degree burglary charges, as well as 60 days on a malicious destruction of property charge.

ECF 9 at pp. 4 – 5.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the

---

[3] The due process protections of the Fourteenth Amendment do not apply. *See Taylor v. Waters*, 81 F.3d 429, 435 – 36 (4th Cir. 1996) (the Fourth Amendment provides all of the pretrial process that is constitutionally due to a criminal defendant).

"simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

**Analysis**

In order to state a claim under § 1983 for false arrest in violation of the Fourth Amendment, Carter must show that each arrest was made without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists if "at that moment the

facts and circumstances with [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citation omitted). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 241 (1983); *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *Id.* A warrantless arrest in a public place may be made when the arresting officers have probable cause to believe that the suspect has committed, is committing, or is about to commit a crime. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964) (probable cause exists if "at that moment the facts and circumstance within [the officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."). Plaintiff's convictions establish as a matter of Maryland law the existence of probable cause, regardless of whether the judgments are later reversed in subsequent proceedings. *See Zablonsky v. Perkins*, 230 Md. 365, 187 A.2d 314 (1963); *Quecedo v. DeVries,* 22 Md. App. 58, 321 A.2d 785 (1984). Plaintiff may only succeed on his claims of false arrest if he is able to demonstrate that in both instances police officers lacked probable cause to arrest him. *See Albright v. Oliver*, 510 U.S. 266, 273-74 (1994); *Clipper v. Takoma Park, Md.*, 876 F.2d 17, 19 (4th Cir. 1989).

Montgomery County Defendants assert that Carter's claims regarding the legality of his arrest by Prince George's County police is barred because he pled guilty to the crime for which he was arrested. ECF 9-1 at pp. 6 – 7. Carter's claim that there was no probable cause for his arrest is, in essence, erased by his conviction under Maryland law. *Id*. at p. 7, citing *Asuncion v. City of Gaithersburg*, 73 F.3d 356 (4th Cir. Jan. 3, 1996) (unpublished opinion) ("Under

4

Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether or not the judgment is later reversed in a subsequent proceeding") (citing *Zablonsky v. Perkins*, 230 Md. at 367-68 (1963)); *Hodge v. Calvert County*, 2009 WL 2884928, at *2 (D. Md. Sept. 4, 2009) (noting that the plaintiff's "conviction constituted presumptive evidence that there was probable cause to arrest him at the time of his arrest"); *Hodge v. St. Mary's County Sheriff's Office*, 2009 WL 8708855, at *4 (D. Md. June 22, 2009) (same); *Brown-Rice v. Maryland*, 2009 WL 1690516, at *1 (D. Md. June 16, 2009) (holding that a conviction "establishes probable cause and bars [the plaintiff's] claims for malicious prosecution, false arrest, false imprisonment, and any other claim including lack of probable cause as an element."). Defendants further assert that Carter's claims are barred from consideration under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In opposition, Carter maintains his claims are limited to recovery for damages for conduct committed by Defendants during the investigation up to the time of his arrest. ECF 13. He further asserts his Complaint states cognizable claims under the Fourth and Fourteenth Amendments to the Constitution as well as state law claims for false arrest, false imprisonment, intentional infliction of emotional damage, and loss of property through Defendants' alleged conspiratorial acts. *Id*. at p. 4.

Carter's claims are frivolous and the assertion in his Complaint that he was not convicted of any crimes as a result of the use of information obtained by Montgomery County and allegedly shared with Prince George's County is at best misleading and bordering on perjurious. In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints

5

containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction. Carter's assertions that there was no probable cause for his arrest and that the evidence gathered against him was obtained illegally is a collateral attack on his convictions which may not be presented in the context of a claim for damages.

Ordinarily a claim for damages that is barred by the ruling in *Heck* is dismissed without prejudice upon initial review[4] of the Complaint. Where, as here, the "facts" asserted in the Complaint obfuscate the true nature of the claims raised, that initial review is thwarted. The crux of Carter's claim is based on his assertion that police officers in different counties are prohibited from sharing information. There is no such prohibition in the law. *See United States v. Hensley*, 469 U.S. 221, 230 (1985) (the Fourth Amendment does not bar one police department from relying on articulable facts provided by another for purposes of probable cause). Carter's claims of a conspiracy are bald allegations devoid of any legal basis. Moreover, even if Carter could overcome the bar announced in *Heck*, his guilty pleas to the multiple charges of burglary are an admission that probable cause existed for his arrest. *See Asuncion.*, 73 F. 3d 356, 1996 WL 1842 *2 (4th Cir. 1996) (under Maryland law a conviction determines conclusively the existence of probable cause regardless of whether the conviction is later reversed). The Complaint shall be dismissed as to all Defendants for failure to state a claim upon which relief may be granted.

Under 28 U.S.C. § 1915(g) a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[4] *See* 28 U.S.C. §1915A (requiring federal courts to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted), *see also* 28 U.S.C. §1915(e)(2) (requiring cases to be dismissed *any time* if it is determined the allegation of poverty is untrue; or the action or appealBis frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief).

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Because the instant case is dismissed for failure to state a claim upon which relief may be granted, the Clerk shall be directed to note a "strike" on the docket. A separate Order follows.

                                                                   /s/
                                      William M. Nickerson
                                      Senior United States District Judge

Dated: February 12, 2015